IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRETT HILL,<br><br>Defendant. | CRIMINAL NO. SAG-22-0260<br><br>(26 U.S.C. § 7202 – Failure to collect or pay over tax) |

## INDICTMENT

The Grand Jury for the District of Maryland charges that:

### BACKGROUND

At all times relevant to this Indictment:

1. Defendant **BRETT HILL** ("**HILL**") was a resident of Parkton and Berlin, Maryland, and owned and controlled two telecommunication companies, Company 1 and Company 2.

2. Company 1 was a corporation doing business in Monkton, Maryland. Company 1 was engaged in the business of managing established telecommunication networks. **HILL** was the Chief Executive Officer and majority shareholder of Company 1.

3. Company 2 was a limited liability company doing business in Parkton, Maryland. Company 2 was engaged in the business of installing, maintaining, and troubleshooting telecommunications equipment. **HILL** was the Chief Executive Officer, sole owner, and sole operator of Company 2.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

## EMPLOYMENT TAX WITHHOLDING

5. Pursuant to the Internal Revenue Code and associated statutes and regulations, employers are required to withhold amounts from their employees' gross pay, including federal income taxes and Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes. These taxes will be referred to in this Indictment collectively as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States. Employers are required to remit these withheld, trust fund amounts to the IRS on a quarterly basis (every three months), no later than the last day of month following the end of the quarter.

6. In addition to the trust fund taxes that must be withheld from pay, employers are separately required to make matching FICA contributions for Social Security and Medicare taxes withheld from employees. These employer contributions are also required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly are commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security and Medicare taxes) and the matching FICA taxes contributed by the employer.

7. Employers are required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

8. A person is responsible for collecting, accounting for, and paying over the employment taxes if he or she has the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

9. From at least August 2015 to at least January 2019, in addition to being an officer of both Company 1 and Company 2 who had the authority to exercise control over the companies' financial affairs, **HILL** in fact exercised control over the financial affairs of both companies by, among other acts, signing payroll checks, controlling bank accounts, managing payroll accounts, signing promissory notes, and executing stock purchase and security agreements; thus **HILL** was a responsible person for collecting trust fund taxes, accounting for the employment taxes by filing Forms 941 with the IRS, and paying over to the IRS the employment taxes for both Company 1's and Company 2's employees.

10. From the second quarter of 2016 through the second quarter of 2017, **HILL** collected trust fund taxes from employees of Company 1, but failed to file Forms 941 and failed to pay over employment taxes totaling approximately $586,005, which included approximately $433,964 in trust fund taxes and $152,041 of the employer's share of FICA taxes owed by Company 1.

11. From the second quarter of 2016 through the fourth quarter of 2018, **HILL** collected trust fund taxes from employees of Company 2, but failed to file Forms 941 and failed to pay over employment taxes totaling approximately $317,637, which included approximately $224,522 in trust fund taxes and $93,115 of the employer's share of FICA taxes owed by Company 2.

12. In total, **HILL** failed to pay more than $900,000 in employment taxes for the two Maryland telecommunications companies that he owned and controlled.

## COUNTS ONE THROUGH SIXTEEN
### (Willful Failure to Collect, Truthfully Account For, or Pay Over Trust Fund Taxes)

13. Paragraphs 1 through 12 of this Indictment are re-alleged as if fully set forth herein.

14. **HILL** was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of both Company 1 and Company 2 the trust fund taxes imposed on their employees by the Internal Revenue Code.

15. On or about the dates listed in the table below, for each of the calendar quarters listed, in the District of Maryland and elsewhere, the defendant,

**BRETT HILL,**

did willfully fail to truthfully account for and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of Company 1 and Company 2, in the approximate amounts set forth below.

| Count | Entity | Quarter | Filing Due Date | Trust Fund Taxes Due and Owing |
|---|---|---|---|---|
| 1 | Company 1 | 2nd Quarter 2016 | July 31, 2016 | $82,772 |
| 2 | Company 1 | 3rd Quarter 2016 | October 31, 2016 | $102,754 |
| 3 | Company 1 | 4th Quarter 2016 | January 31, 2017 | $80,378 |
| 4 | Company 1 | 1st Quarter 2017 | April 30, 2017 | $95,049 |
| 5 | Company 1 | 2nd Quarter 2017 | July 31, 2017 | $73,011 |
| 6 | Company 2 | 2nd Quarter 2016 | July 31, 2016 | $30,172 |
| 7 | Company 2 | 3rd Quarter 2016 | October 31, 2016 | $27,894 |
| 8 | Company 2 | 4th Quarter 2016 | January 31, 2017 | $26,925 |
| 9 | Company 2 | 1st Quarter 2017 | April 30, 2017 | $25,023 |

| Count | Entity | Quarter | Filing Due Date | Trust Fund Taxes Due and Owing |
|---|---|---|---|---|
| 10 | Company 2 | 2nd Quarter 2017 | July 31, 2017 | $23,666 |
| 11 | Company 2 | 3rd Quarter 2017 | October 31, 2017 | $22,843 |
| 12 | Company 2 | 4th Quarter 2017 | January 31, 2018 | $22,477 |
| 13 | Company 2 | 1st Quarter 2018 | April 30, 2018 | $20,334 |
| 14 | Company 2 | 2nd Quarter 2018 | July 31, 2018 | $9,703 |
| 15 | Company 2 | 3rd Quarter 2018 | October 31, 2018 | $7,742 |
| 16 | Company 2 | 4th Quarter 2018 | January 31, 2019 | $7,742 |

In violation of Title 26, United States Code, Section 7202.

David A. Hubbert
Deputy Assistant Attorney General

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

7/26/2022
Date

5